USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/27/25

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

    - against -

DENFIELD JOSEPH,
      Defendant.

---

**17-CR-314 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

  Before the Court is the *pro se* motion ("Motion" or "Mot.," Dkt. No 179) of defendant Denfield Joseph ("Joseph") for a sentence reduction under 18 U.S.C. § 3582(c)(2) ("Section 3582"). Joseph's Motion is based on Amendment 821 to the United States Sentencing Guidelines ("Guidelines"), which took effect on November 1, 2023, and applies retroactively. The United States Probation Department ("Probation") issued a supplemental presentence report indicating that Joseph is not eligible for a sentence reduction. ("Supplemental PSR," Dkt. No. 180.) The Government filed an opposition to Joseph's Motion. ("Opposition" or "Opp.," Dkt. No. 184.) After considering the record in this case and Joseph's submission, the Court agrees that Joseph is precluded from receiving a sentence reduction under Section 3582.

1

## I. BACKGROUND

On October 30, 2019, Joseph pled guilty to one count of participating in a conspiracy to distribute and possess with intent to distribute twenty-eight grams or more of mixtures and substances containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). (See Dkt. Minute Entry for October 30, 2019; Supplemental PSR, at 2.) As part of his plea agreement, Joseph admitted to participating in the murder of Donnell Harris on or about August 31, 2010, in furtherance of that conspiracy. (See Dkt. No. 84, at 6, 29.) On July 8, 2022, Joseph was sentenced by this Court to 360 months' imprisonment to be followed by four years' supervised release. (See Dkt. Minute Entry for July 8, 2022; Dkt. No. 147.)

## II. LEGAL STANDARD

When presented with a motion to reduce a sentence pursuant to Section 3582, the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced." United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillion v. United States, 560 U.S. 817, 827 (2010) ("[Section] 3582(c)(2) requires the court to follow the Commission's instructions . . . to

2

determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized."). If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in Guidelines Section 1B1.10. United States v. Martin, 974 F.3d 124, 136 (2d Cir. 2020) (citing 18 U.S.C. § 3582(c)(2); alterations and quotation marks omitted).

### III. DISCUSSION

Amendment 821, which applies retroactively, see U.S.S.G. § 1B1.10(d), contains two provisions for relief. First, Part A struck Guidelines Section 4A1.1(d) that added two criminal history points, commonly referred to as "status points," for defendants who committed their offense while subject to a criminal justice sentence. See U.S.S.G. § 4A1.1(e); United States v. Ewing, No. 14-CR-604 (VB), 2024 WL 1250685, at *1 (S.D.N.Y. Mar. 21, 2024). The Amendment now decreases status points by one point for defendants with seven or more criminal history points and eliminates them altogether for defendants with six or fewer criminal history points. See U.S.S.G. § 4A1.1(e). Second, Part B created new Section 4C1.1, which

provides a two-level downward adjustment in offense level for certain defendants with zero criminal history points – i.e. first-time offenders – whose offense did not involve specific aggravating factors. See U.S.S.G. § 4C1.1; Ewing, 2024 WL 1250685, at *1.

Here, Joseph asks the Court to "liberally apply the new Amendment to the facts and/or remedy as law and justice requires," but does not explain how Amendment 821 would reduce his sentence. (Mot. ¶ 6.) Regardless, Joseph is ineligible for a sentence reduction under either Part A or B of Amendment 821. Part A is inapplicable because Joseph did not commit the instant offense while subject to a criminal justice sentence, so he did not receive the additional criminal history points pursuant to the now stricken Section 4A1.1(d). (See Supplemental PSR, at 2; Final PSR ¶¶ 44-47.) Part B is inapplicable because Joseph was not a zero-point offender, having four criminal history points based on several prior convictions at the time of sentencing. (See Supplemental PSR, at 2; Final PSR ¶¶ 36-43.)

Nonetheless, even if Joseph were a zero-point offender, he would be precluded from the two-level downward adjustment in offense level because he "use[d] violence . . . in connection with the offense" and the offense "result[ed] in death," U.S.S.G. § 4C1.1(a)(3)-(4), as Joseph admitted to

4

having participated in the murder of Donnell Harris in furtherance of the crime of conviction. (See Dkt. No. 84, at 6, 29.) See United States v. Tejeda, 11-CR-01015 (DC), 2024 WL 1676329, at *2 (S.D.N.Y. Apr. 18, 2024) ("Part B of Amendment 821 does not apply because at least one aggravating factor is present: death resulted from the conspiracy to commit Hobbs Act robbery."); United States v. Sanchez, 01-CR-170 (MKB), 2024 WL 3328608, at *1, 3 (E.D.N.Y. July 8, 2024) (U.S.S.G. § 4C1.1(a)(3)-(4) precluded defendant from downward adjustment when defendant pled guilty to conspiracy to distribute cocaine base and carrying a firearm during a drug trafficking crime and defendant "acknowledged that as part of his role with the enterprise," he "helped plan and was present for" a murder); United States v. Kirkland, 20-CR-126 (VAB), 2024 WL 1953621, at *1, 3 (D. Conn. May 3, 2024) (U.S.S.G. § 4C1.1(a)(3) precluded defendant from downward adjustment when defendant pled guilty to conspiracy to engage in a pattern of racketeering activity and "stipulated to having committed 'acts of violence against rival street gangs'").

## IV.  ORDER

Accordingly, it is hereby

**ORDERED** that the Motion of defendant Denfield Joseph ("Joseph") for a Sentence Reduction under 18 U.S.C. § 3582(c)(2) and the United States Sentencing Guidelines (Dkt. No. 179) is **DENIED** as the Court finds that Joseph is ineligible to be granted such relief.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 179. The Clerk of Court is also respectfully directed to mail a copy of this Order to Denfield Joseph, Register Number 75996-054, FCI Coleman Medium, P.O. Box 1032, Coleman, FL 33521, and note service on the docket.

**SO ORDERED.**

Dated:    February 27, 2025
          New York, New York

_____
Victor Marrero
U.S.D.J.